**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-30887
_____

ROGER R. SMITH,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC No. 99-CV-3471-C

April 9, 2001

Before POLITZ and EMILIO M. GARZA, Circuit Judges, and HEAD[*], District Judge.

PER CURIAM:[**]

Louisiana prisoner Roger R. Smith appeals the district court's order dismissing his application

for writ of habeas corpus. The district court granted a COA on a single issue: whether Smith's life

sentence under Louisiana's multiple-offender statute is excessive in violation of the Eighth

---

[*]      District Judge of the Southern District of Texas, sitting by designation.

[**]      Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Amendment.[1]  We affirm the dismissal of Smith's habeas application.

Smith was convicted for selling an undercover officer $20 worth of crack cocaine and was sentenced under Louisiana's multiple-offender statute to life in prison; this conviction and sentence were upheld on direct appeal.  *See State v. Smith*, 734 So.2d 826 (La. Ct. App.), *writ denied*, 747 So.2d 826 (La. 1999).  In reaching its decision, the state appeals court considered and rejected a claim by Smith that his sentence was constitutionally excessive: "[t]he imposition of life imprisonment was not excessive in light of the defendant's prior criminal history and his present conviction for distribution of cocaine. . . ."  *Id*. at 833-34.

We defer to the state appeals court's decision on the merits unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Smith has made no argument to this effect.  Instead, Smith urges that the state court failed to follow its own sentencing jurisprudence.  Allegations of errors of state law are not properly considered in federal habeas review.  *See* 28 U.S.C. § 2254(d)(1).  Smith does cite one federal case, *Rummel v. Estelle*, in which the Supreme Court held that a life sentence for a conviction of obtaining $120.75 by false pretenses under a recidivist statute that mandated such a sentence for defendants with three felony convictions was not constitutionally excessive.  445 U.S. 263, 274-76 (1980); *see also Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (life sentence for a defendant who possessed 650 grams of cocaine was not excessive in violation of the Eighth Amendment).  Smith's mention of *Rummel* is in a section of his brief dedicated to an argument that a life sentence was not mandatory in his case, not

[1]  Smith has briefed six other issues; we decline to consider these issues as the COA was limited to the excessive sentence issue and Smith has not requested an expansion of the COA.  *See Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997).

the excessive sentence section.  Even with a liberal construction that these are related arguments, however, Smith does not explain how the state appeals court's decision might be contrary to the Supreme Court's holding in *Rummel*; rather, he cites the Fifth Circuit holding in *Rummel* with no mention of the procedural history vacating that decision.  *See Rummel*, 568 F.2d 1193 (5th Cir. 1978), *vacated on rehearing*, *Rummel v. Estelle*, 587 F.2d 651 (5th Cir. 1978) (en banc).

Because Smith has not demonstrated that the state appeals court's decision was contrary to the Supreme Court's Eighth Amendment jurisprudence, we affirm the district court's denial of his application for a writ of habeas corpus.

AFFIRMED.