Gertrude PAUGH, Plaintiff,

v.

R.J. REYNOLDS TOBACCO COMPANY, Defendant.

No. 1:92CV1444.

United States District Court,
N.D. Ohio, E.D.

Sept. 29, 1993.

Michael Shafran, Victor Anthony Mezacapa, III, Shafran & Pecchio, Cleveland, OH, for plaintiff.

Robert C. Weber, Kim F. Bixenstine, Basil J. Musnuff, Jones, Day, Reavis & Pogue, Cleveland, OH, for defendant.

### *MEMORANDUM AND ORDER*

ANN ALDRICH, District Judge.

Gertrude Paugh brings this action against R.J. Reynolds Tobacco Company ("Reynolds"), alleging that her husband developed emphysema and carcinoma of the lung, and died as a result of smoking cigarettes manufactured by Reynolds. Paugh alleges several claims based on Ohio's products liability statutes. Reynolds removed this action to this Court pursuant to 28 U.S.C. § 1441. This Court has jurisdiction based on the diversity of the parties. Reynolds moves to dismiss Paugh's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Prior to ruling on Reynold's motion to dismiss, this Court conducted a case management conference on October 1, 1992. This Court's order issued pursuant to that conference gave Paugh leave to amend counts III and VI of her complaint only. Paugh did not request leave to amend any additional counts at the conference.

However, Paugh amended her complaint to allege five new counts and a nationwide class of smokers, and this Court granted her leave to do so. Reynolds has objected to the amended complaint as being filed in violation of this Court's order, but has also filed a motion to dismiss the new complaint. This Court specifically instructed Paugh that she could amend her original complaint as to counts III and VI only, and this Court inadvertently granted Paugh's motion to amend her complaint as to the other counts. Accordingly, this Court vacates its order allowing Paugh to amend her complaint, and decides the motion to dismiss based entirely upon the original complaint. This Court also considers whether the amended complaint, had this Court granted leave to amend, would state a claim. For the reasons discussed below, Reynold's motion to dismiss is granted.

### II.

Edward Paugh purchased and smoked Winston cigarettes, which Reynolds manufactures and sells, for fifty years, from 1940 through 1990. As a result of smoking cigarettes, Paugh developed carcinoma of the lung, emphysema and other injuries which eventually led to his death on July 16, 1990. His widow, Gertrude Paugh, brings this suit against Reynolds for $25,000,000.00 in compensatory damages.

Paugh's original complaint alleged seven counts. Count I alleged that the cigarettes that Reynolds manufactured and sold and that Paugh purchased were in an unsafe and

defective condition. Count II alleged that Reynolds was negligent in the manner in which it tested, researched, sold and promoted the cigarettes. Count III alleged that Reynolds fraudulently concealed medical and scientific data which indicated that the use of cigarettes was hazardous to the health of consumers. Count VI alleged that Reynolds expressly warranted that smoking cigarettes did not present any significant health consequences. Counts IV, V, and VII are derivative claims for funeral expenses, pain and suffering, and loss of consortium suffered by Gertrude Paugh.

### III.

In deciding a motion to dismiss under Rule 12(b)(6), the allegations of the complaint must be taken as true and construed in a light most favorable to the plaintiff. *Summit Health, Ltd. v. Pinhas,* —— U.S. ——, ——, 111 S.Ct. 1842, 1845, 114 L.Ed.2d 366 (1991); *Dana Corporation v. Blue Cross & Blue Shield,* 900 F.2d 882 (6th Cir.1990); *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489 (6th Cir.1990). However, the Court need not accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986). The complaint is to be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### IV.

Paugh's claims are governed by the Ohio Product Liability Act ("Act"), Ohio Rev.Code § 2307.71–2307.80. Under the Act, a manufacturer is subject to liability for compensatory damages based upon a product liability claim only if the plaintiff establishes one of the following:

i) The product was defective in manufacture or construction;

ii) the product was defective in design or formulation;

iii) the product was defective due to inadequate warning or instruction;

iv) the product did not conform to a representation made by its manufacturer.

Ohio Rev.Code § 2307.73(A)(1).

Paugh's first count alleges that the cigarettes were in an "unsafe and defective condition," essentially claiming that cigarettes generically are defective. Under the Act, a product is defective in manufacture or construction if it deviates from design specifications, formula or performance standards or from identical units manufactured pursuant to the design. Ohio Rev.Code § 2307.74. Paugh does not allege that the cigarettes smoked by her husband differed in any way from the identical units generically manufactured by Reynolds.

Similarly, Paugh does not allege a defect in the design or formulation of the cigarettes under the Act. The Act states that a product is defective in design if it "is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner" or if the "foreseeable risks associated with its design or formulation ... exceeded the benefits associated with that design or formulation...." Ohio Rev.Code § 2307.75(A)(1), (2).

The Act, however, specifically provides that a product is *not* defective in design or formulation if the harm for which a plaintiff seeks to recover was caused by an "inherent characteristic of the product which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and *which is recognized by the ordinary person with the ordinary knowledge common to the community.*" Ohio Rev.Code § 2307.-75(E) (emphasis added). Thus, a product is not defective in design if the harm suffered by a plaintiff was caused by a commonly recognized inherent characteristic of the product.

The dangers posed by tobacco smoking have long been within the ordinary knowledge common to the community. In fact, tobacco is specifically mentioned in the Restatement (Second) of Torts as an example of a product which is not defective merely because the effects of smoking may be harmful. Rest. (2d) of Torts § 402A(i). The Sixth Circuit has addressed this issue in a similar case in which that Court held that "the ex-

tensive information regarding the risks of smoking available to the public precluded the existence of a jury question as to whether cigarettes are unreasonably dangerous." *Roysdon v. R.J. Reynolds,* 849 F.2d 230, 236 (6th Cir.1988). Although the Court referred to the fact that the smoker's claims were limited to post–1974 smoking, the Court cited the district court's broader finding that "tobacco has been used for over 400 years and its characteristics have also been fully explored. Knowledge that cigarette smoking is harmful to health is widespread and can be considered part of the common knowledge of the community." *Id.,* citing *Roysdon v. R.J. Reynolds,* 623 F.Supp. 1189, 1192. See also *Forster v. R.J. Reynolds,* D.C. No. 85–4294 (4th Judicial Dist.Minn., Feb. 13, 1990) (relying on *Roysdon* for the proposition that the hazards of cigarette smoking were common knowledge prior to 1966).

At least two state courts have found the extent of common knowledge regarding the dangers of smoking to be a question for the jury. See *Gilboy v. American Tobacco Co.,* 582 So.2d 1263, 1265 (La.1991); and *Rogers v. R.J. Reynolds Tobacco Co.,* 557 N.E.2d 1045, 1054 (Ind.App. 2 Dist.1990). However, especially in light of the Sixth Circuit's holding in *Roysdon,* this Court finds that the better-reasoned decisions are those finding the dangers of smoking to have been common knowledge. Much as in the case of alcohol, users of tobacco products have made a consumer choice in the face of health risks that are common to ordinary knowledge. See *Desatnik v. Lem Motlow, Prop., Inc.,* No. 84 CA 104, 1986 WL 760 (Ohio App. 7 Dist.1986) (dangers of alcohol use are common to ordinary knowledge). See also *Roysdon,* 623 F.Supp. at 1192, *citing Pemberton v. American Distilled Spirits,* 664 S.W.2d 690, 693 (Tenn.1984). That some ignore or underestimate these risks has little bearing on the extent to which knowledge of the dangers are salient within the community. Therefore, because the risks posed by smoking are an inherent characteristic of cigarettes, and because knowledge of these risks has been common to the community since well before 1966, Paugh's allegations are insufficient to support her claim for damages caused by a product in an "unsafe and defec-

tive" condition and Reynolds is entitled to judgment on Count I as a matter of law.

In Count II, Paugh alleges that Reynolds was negligent in the manner in which it tested, researched, sold and promoted its cigarettes. Count III alleges that Reynolds fraudulently concealed medical and scientific data which indicated that the use of cigarettes was hazardous to the health of consumers. The essence of Paugh's allegations of negligence and fraud is that Reynolds either knew of the risks of smoking cigarettes, or should have done research to find out what risks there were, while representing to consumers that cigarettes were not harmful.

Both of these counts are governed by Ohio Rev.Code § 2307.76. That section provides that a product is defective if the manufacturer "knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product" and if the manufacturer "failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk." Ohio Rev.Code § 2307.76.

Section 2307.76(B) provides that:

A product is not defective due to lack of warning or instruction as a result of the failure of its manufacturer to warn or instruct about an open and obvious risk that is a matter of common knowledge.

Therefore, because the harm tobacco poses is a matter of common knowledge, Counts II and III fail to state a claim under the Act.

Additionally, Paugh's allegations of fraud are not pled with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Paugh has not alleged any specific instance of fraud, but rather has made the general allegation that Reynolds possessed "medical and scientific data which indicated that the use of cigarettes was hazardous to the health of consumers ..." This broad allegation does not comply with Rule 9(b). *See, Bender v. Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir.1984) (Rule 9(b) requires allegations of time, place and contents of the misrepresentation upon which

plaintiff relied). Accordingly, Count III must be dismissed for the additional reason that Paugh has not met the pleading requirements of Rule 9(b).

In Count VI, Paugh alleges that Reynolds "expressly warranted that smoking cigarettes which they manufactured and sold did not present any significant health consequences." A cause of action for breach of warranty in this context is governed by § 2307.77 of the Ohio Revised Code, which provides that a product is defective if "it did not conform, when it left the control of its manufacturer, to a representation made by that manufacturer." However, Paugh does not allege any specific express representation made by Reynolds. Paugh neither identifies the nature, extent, and language of these representations, nor alleges that Edward Paugh relied upon any such warranties. Under Rule 8, Paugh must allege every element of her claim, and facts to support it. Paugh has failed to do so. Accordingly, this Court must dismiss Count VI.

Paugh's remaining counts are all derivative claims for hospital, medical and funeral expenses (Count IV), pain and suffering (Count V), and loss of consortium (Count VII). Since this Court has dismissed all of Paugh's substantive claims, these derivative claims are also dismissed.

## V.

Had this Court allowed Paugh to amend her complaint, all the amended counts would nonetheless fail to state a cause of action under the Ohio Product Liability Act. The amended versions of the fraud and breach of warranty claims, the only claims this Court granted Paugh leave to amend, fail to state a claim. Paugh does not allege any specific instance of fraud by setting forth the time, place and contents of the misrepresentation upon which Paugh allegedly relied, nor does she identify any specific warranties made by Reynolds. Therefore, Paugh's allegations of fraud and breach of warranty in her amended complaint are insufficient as a matter of law.

Count I of Paugh's amended complaint alleges that the cigarettes were defective in "manufacture or construction." This claim, as amended, does not state a cause of action under Ohio law. The amended claim does not allege that the cigarettes her husband smoked differed in any way from the identical units generically manufactured by Reynolds.

Paugh's amended complaint adds the allegation that the cigarettes her husband and all members of the alleged class smoked deviated in a material way from the design specifications, formula, or performance standards of Reynolds. However, this cannot be read as anything but a general claim that cigarettes are defective because they cause lung cancer. Paugh argues that her claim is based upon the harm from various chemicals, such as pesticides, which tobacco may contain. However, Paugh is alleging that *all* cigarettes which Reynolds produced may contain such substances. Thus, this claim is based on the inherent characteristics of cigarettes. Therefore, Paugh's amended Count I does not state a claim under Ohio Rev.Code § 2307.74.

In Count II, Paugh alleges that the cigarettes manufactured and sold by Reynolds were defective in design or formulation. However, as discussed above, since the harm for which Paugh seeks to recover is caused by the inherent characteristics of the cigarettes and was commonly recognized in the community, she has not stated a cause of action under Ohio law for damage caused by a defective design or formulation.

In Counts III and IV, Paugh alleges that, with respect to Reynolds' advertising prior to 1969, and with respect to channels of communication other than advertising and promotion, the cigarettes sold by Reynolds were defective due to inadequate warning. Count V alleges that Reynolds was negligent in the manner in which it tested, researched, sold and promoted its cigarettes. Count VI alleges that Reynolds fraudulently concealed medical and scientific data from consumers.

As discussed above, the fraud allegations are defective due to the lack of specificity in the pleading, as required by Rule 9(b). Furthermore, all of these counts, like the ones they amend, are governed by § 2307.76 of

the Act. None of these amended counts states a claim under this section because the risks tobacco poses are commonly recognized.

The only remaining counts in the amended complaint are derivative claims for medical and funeral expenses (Count VIII), pain and suffering (Count IX), and loss of consortium (Count XI). Since all of Paugh's substantive counts as amended fail, these derivative claims fail as well.

## VI.

Accordingly, this Court's prior marginal entry order granting Paugh leave to amend her complaint is vacated. Reynold's motion to dismiss Paugh's complaint is granted, and judgment is entered in favor of the defendant. This is a final and appealable order.

IT IS SO ORDERED.