52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 CONSUMERS OF OHIO; Plaintiff,
J. Casmere Shaba-Stubbs, Plaintiff-Appellant,
v.
BROWN & WILLIAMSON TOBACCO CORPORATION, Defendant-Appellee.
 No. 94-3574.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1995.
 
 Before: MERRITT, Chief Judge; GUY, and SILER, Circuit Judges.
 
 ORDER
 
 1
 J. Casmere Shaba-Stubbs appeals pro se from a district court judgment dismissing this diversity action that is also based on 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Shaba-Stubbs sought injunctive relief and more than $50,000 in damages, alleging that he was injured by smoking the defendant's loose leaf tobacco products. He alleged that the defendant's failure to place warning labels on these products violated the United States and Ohio Constitutions as well as Ohio's product liability statute, Ohio Rev.Code Ann. Secs. 2307.71-.80 (Baldwin 1992). He also raised claims of common law fraud and negligence. On March 21, 1994, the district court dismissed Shaba-Stubbs's case under Fed.R.Civ.P. 12(b)(6). It is from this judgment that he now appeals. He has also filed a motion for counsel.
 
 
 3
 The dismissal of a case under Rule 12(b)(6) is subject to de novo review on appeal. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The court must construe the complaint in the light most favorable to Shaba-Stubbs, accept all of his factual allegations as true, and determine whether he undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id.
 
 
 4
 A de novo review of the record indicates that the district court properly rejected Shaba-Stubbs's federal claims because the defendant is not a state actor. See Steading v. Thompson, 941 F.2d 498, 499 (7th Cir.1991), cert. denied, 502 U.S. 1108 (1992). Shaba-Stubbs now argues that the defendant should have known that labeling was required because the State of Ohio places warning labels on the Cardinal brand of loose tobacco which the state produces. However, these allegations are not sufficient to satisfy the state action requirement of 42 U.S.C. Sec. 1983. See Wolotsky v. Huhn, 960 F.2d 1331, 1335-38 (6th Cir.1992). Similar reasoning precludes his claims under the Ohio Constitution. See Preterm Cleveland v. Voinovich, 627 N.E.2d 570, 574 (Ohio App.1993).
 
 
 5
 Ohio's product liability statute does not require manufacturers to place warning labels on products that pose "an open or obvious risk or a risk that is a matter of common knowledge." Ohio Rev.Code Ann. Sec. 2307.76(B) (Baldwin 1992). The extensive information that is now available regarding smoking tobacco precludes a jury question as to whether the risks involved are known by the average consumer. See Roysdon v. R.J. Reynolds Tobacco Co., 849 F.2d 230, 236 (6th Cir.1988). Shaba-Stubbs's claims for negligence and fraud are also unavailing, as manufacturers are not required to warn consumers about dangers that are well known. See Paugh v. R.J. Reynolds Tobacco Co., 834 F.Supp. 228, 231 (N.D.Ohio 1993).
 
 
 6
 Accordingly, Shaba-Stubbs's motion for counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.